## UNITED STATES FEDERAL DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

YUSUF J. NURALDIN, pro se, et al

**Plaintiff,**

-against-

**THE CENTRAL NEW YORK (CENTRO) REGIONAL TRANSPORTATION
AUTHORITY DEFENDANTS, ROBERT COLUCCI, et al**

**Defendants.**

---

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
## Civ. No.: 07-CV-1108

---

**FERRARA, FIORENZA, LARRISON,
BARRETT & REITZ, P.C.
Attorneys for Defendants
Frank Kobliski, John Renock, Joseph DeGray,
Steven Share and Richard Lee
Miles G. Lawlor, Esq.
Bar Roll No.: 506615
5010 Campuswood Drive
East Syracuse, New York 13057
Tel.: (315) 437-7600**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I

      PLAINTIFF'S CLAIMS ARE UNTIMELY . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT II

      PLAINTIFF'S TITLE VII AND ADA CLAIMS MUST BE DISMISSED  . . . . . . . 8

POINT III

      THE PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS
      IS UNTIMELY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

Abbas v. Dixon, 480 F.3d 636 (2nd Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Cyphers v. Litton Loan Servicing, L.L.P., 503 F.Supp. 2nd 547 (N.D.N.Y. 2007) . . . . . . . . . . . 5

Deravin v. Kerik, 335 F.3d 195 (2nd Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Doe v. Holy See, 17 A.D.3d 793, 793 N.Y.S.2d 565 (3rd Dept. 2005) . . . . . . . . . . . . . . . . . . . 6

Galerie v. M & T Bank Corp., 30 F.Supp.2d 322 (N.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . 9

Kilmer v. Flocar, Inc., 212 F.R.D. 66 (N.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

McPherson v. New York City Dept. of Educ., 457 F.3d 211 (2nd Cir. 2006) . . . . . . . . . . . . . . . 8

Ortiz v. Regan, 980 F.2d 138 (2nd Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Paluh v. HSBC Bank USA, 409 F.Supp.2d 178 (W.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . 8

Polera v. Board of Educ. of Newburgh Enlarged City School District,
        288 F.3d 478 (2nd Cir.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Stuart Silver Assocs., Inc. v. Baco Dev. Corp., 245 A.D.2d 96,
        665 N.Y.S.2d 415 (1st Dep't 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Statutes**

First Amendment of the Constitution of the United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Fourth Amendment of the Constitution of the United States . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Fifth Amendment of the Constitution of the United States . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Eighth Amendment of the Constitution of the United States . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Ninth Amendment of the Constitution of the United States . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Thirteenth Amendment of the Constitution of the United States . . . . . . . . . . . . . . . . . . . . . . 1, 3

Fourteenth Amendment of the Constitution of the United States . . . . . . . . . . . . . . . . . . . . . . 1, 3

29 C.F.R. §1615 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

29 U.S.C. §206(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

42 U.S.C. §1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

42 U.S.C. §1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

42 U.S.C. §1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

42. U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

42 U.S.C. §1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

42 U.S.C. 2000e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

42 U.S.C. §12101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C. §12117(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

New York CPLR 213(8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Federal Rule of Civil Procedure 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Rule 7.1(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**INTRODUCTION**

Plaintiff Yusuf Nuraldin ("Plaintiff" or "Nuraldin") was employed by CNY Centro, Inc. ("Centro") between February, 1992 and October 18, 2001, at which time his employment was terminated by Centro. On October 18, 2007, six (6) years after his termination, Plaintiff initiated this pro se action challenging his termination and the alleged denial of training and promotional opportunities during his time with Centro. Plaintiff's complaint names approximately ninety-two defendants and alleges violations of rights secured under the First, Fourth, Fifth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the Constitution, along with violations of 42 U.S.C. §§1981, 1985, 1986 and 1988. Plaintiff's complaint also references and/or alleges violations of Article I, Section 10 of the Constitution, the Equal Pay Act (29 U.S.C. §206(d)), federal regulations pertaining to the prohibition of handicap discrimination in programs or activities conducted by federal Executive agencies and/or the United States Postal Service (29 C.F.R. §1615, et. seq.), and Title I of the "Labor Management Recording (sic) Disclosure Act."

Plaintiff's complaint asserts only federal law causes of action and expressly cites multiple basis for the Court's exercise of jurisdiction over federal law claims. The complaint does not assert any state law causes of action; nor does it reference the Court's exercise of pendent jurisdiction over any state law claims.

On November 21, 2007, the Defendants Frank Kobliski, John Renock, Joseph DeGray, Steven Share and Richard Lee, all of whom are employed by Centro, filed a pre-service motion to dismiss Plaintiffs' complaint. Defendants' motion to dismiss is primarily focused on: 1) the fact that any causes of action arguably encompassed by the complaint are barred by the applicable statute of limitations; and, 2) Plaintiff's failure to comply with administrative pre-

1

requisites for bringing court claims under Title VII of the Civil Rights Act of 1964 ("Title VII"),
42 U.S.C. 2000e, and the Americans With Disabilities Act ("ADA") 42 U.S.C.A. § 12101 et seq.

On January 24, 2008, following the Court's earlier grant of an extension of time for the
Plaintiff to respond to the Defendants' motion to dismiss, the Court established a January 30,
2008 deadline for him to do so, noting in its Order that "[n]o further extensions" would be
granted. According to the Court's PACER system, on February 1, 2008, Plaintiff's response to
the motion to dismiss, titled "Plaintiff's Omnibus Reply to Defendants Federal Rules of Civil
Procedure FRCP 12(b)(6) Notice of Motion for Dismissal & Plaintiff's Proposed Amendment of
His Original Complaint, Combined" (hereinafter Plaintiff's "Memorandum"), was filed with the
Court. In his untimely filed Memorandum, Plaintiff repeats many of the allegations contained in
his complaint, and in addition accuses the defendants of having engaged in a "massive"
conspiracy to violate his rights, and of having engaged in unspecified "fraudulent" conduct in an
attempt to hide their alleged wrongdoing and to accomplish their conspiratorial goals.

Defendants submit this Reply Memorandum of Law in further support of their motion to
dismiss the Plaintiff's complaint.[1] As set forth below, Plaintiff's Memorandum in opposition to
the motion incorrectly asserts that a six (6) year statute of limitations applies to all of his claims.
In addition, Plaintiff's Memorandum does not identify any recognized basis for excusing his
failure to comply with the applicable statutes of limitation. Also, Plaintiff does not dispute that
he failed to comply with the administrative prerequisites for bringing an ADA or Title VII action.
Finally, Plaintiff's Memorandum is untimely, having been filed with the Court two (2) days after

---

[1] To the extent that Plaintiff's Memorandum also constitutes an attempt to amend his
complaint, the attempt is procedurally defective and untimely and must therefore be denied.

2

the deadline established by the Court's January 24, 2008 order.  For these and other reasons

previously stated, Plaintiff's complaint must be dismissed, with prejudice, as to all of the

defendants in this case.

### POINT I

### PLAINTIFF'S CLAIMS ARE UNTIMELY

<u>The Plaintiff's Claims Are Not Governed By A Six Year Statute Of Limitations</u>

In this action, Plaintiff challenges Centro's termination of his employment on October 18,

2001, and the alleged denial of training and promotional opportunities while he was employed by

Centro.  Plaintiff alleges that his termination, and events leading up to it, involved violations of

his rights under the First, Fourth, Fifth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to

the Constitution, along with violations of 42 U.S.C. §§1981, 1985 and 1986.[2]  His complaint also

references the Equal Pay Act (29 U.S.C. §206(d)), and federal regulations pertaining to the

prohibition of handicap discrimination in programs or activities conducted by Executive agencies

and/or the United States Postal Service (29 C.F.R. §1615, et. seq.).

As set forth in detail in the Defendants' Memorandum of Law in Support of Motion to

Dismiss, Plaintiff's claims asserted under 42 U.S.C. §1981, 42 U.S.C. §1985 and the Equal Pay

Act are governed by a three year statute of limitations.  Similarly, any Constitutional rights the

Plaintiff seeks to vindicate are properly enforced through actions brought pursuant to 42 U.S.C.

---

[2] Plaintiff's complaint also alleges a violation of  42 U.S.C. §1988, which is  "designed to allow private individuals a meaningful opportunity to vindicate civil rights violations."  <u>Ortiz v. Regan</u>, 980 F.2d 138, 140 (2nd Cir. 1992).  The statute does not create any substantive rights that could conceivably have been violated by any of the defendants.

§1983, which also has a three year statute of limitations. 42 U.S.C. §1986 based causes of action are subject to a one year statute of limitations. All of the statutes of limitation that apply to the causes of action included within Plaintiff's complaint began to run no later than October of 2001. As Plaintiff did not initiate this action before the applicable statutes of limitation expired, any causes of action encompassed by his complaint are time barred, and therefore must be dismissed.

In response to the Defendants' motion to dismiss, Plaintiff contends that one or more of the ninety-two defendants engaged in "fraudulent" conduct towards him, and that as a result the six year statute of limitations applicable to New York state tort law claims for fraud (established by New York CPLR 213(8)) applies to all causes of action included within his complaint. That is, Plaintiff seeks to, in effect, "graft" the longer state law limitations period on to his federal causes of action, based on his unsubstantiated allegation that one or more of the defendants engaged in fraud in their dealings with him.

Plaintiff's contentions concerning a state law fraud cause of action's limitations period's application to his federal law claims reveal a basic misunderstanding of the concept of limitations periods. Each of the causes of action arguably asserted in Plaintiff's complaint have their own particular limitations period. Plaintiff cannot substitute a longer fraud claim's limitations period for those applicable to his federal law claims, based upon an allegation that "fraud" was somehow involved in the violation of his federal law based rights. There is simply no recognized basis for doing so.

While Plaintiff's apparent misunderstanding of the nature of limitation periods is perhaps understandable in light of his pro se status, it does not excuse the untimeliness of his complaint. Each of the causes of action encompassed by the complaint are subject to a particular statute of

4

limitations. Each of those limitation periods expired many years before the Plaintiff initiated this action. Accordingly, the Plaintiff's complaint must be dismissed as untimely.

Further, it is important to note that Plaintiff has not asserted a viable tort claim for fraud in his complaint. His complaint references specific federal statutes, constitutional provisions and regulations (some of which have no apparent application to his circumstances), but makes no mention of the assertion of any state law tort claim. And while his complaint references federal constitutional provisions, statutes and regulations as the basis for the Court's exercise of jurisdiction over his federal law claims, it makes no reference to, or provides a basis for, the Court's exercise of pendent jurisdiction over, any state law claims.

It is only in his response to the Defendants' motion to dismiss that Plaintiff claims the assertion of a state law claim for fraud. He does so by labeling actions of Centro taken in connection with his employment, and the actions of the defendants generally, as "fraudulent." While Plaintiff peppers his Memorandum with phrases commonly uttered in the context of a tort claim for fraud, the use of words and phrases such as "expressed and/or implied promise," "reliance," and "detriment" does not give rise to a viable tort claim for fraud.

As this Court recently noted, the elements of a cause of action for fraud are a representation concerning a <u>material</u> fact, falsity of that representation, scienter, reliance and damages. <u>Cyphers v. Litton Loan Servicing, L.L.P.</u>, 503 F.Supp. 2nd 547, 553 (N.D.N.Y. 2007), citing <u>Stuart Silver Assocs., Inc. v. Baco Dev. Corp.</u>, 245 A.D.2d 96, 98, 665 N.Y.S.2d 415 (1st Dep't 1997). In this case, neither Plaintiff's complaint, nor his Memorandum, pleads sufficient facts to support a viable claim for fraud. Instead, Plaintiff simply labels any position or action taken by the defendants with which he disagrees as "fraudulent." While he makes sweeping

5

assertions of a widespread conspiracy, and claims that the defendants engaged in fraudulent conduct to carry out their conspiracy, he does not allege sufficient material facts to even come close to pleading the required elements of a state law cause of action for fraud.

Nor does his complaint provide the degree of particularity required by Federal Rule of Civil Procedure 9, which provides in relevant part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiff's repeated allegations of a conspiracy among ninety-two defendants, allegedly carried out by means of non-specific "fraudulent concealment," does not meet the pleading requirement for a viable fraud cause of action. Accordingly, neither Plaintiff's complaint nor his Memorandum plead a viable tort law claim for fraud, a fact that further undercuts his flawed attempt to substitute a tort claim statute of limitation for the limitations period applicable to his federal law claims. Accordingly, Plaintiff's claim that a six (6) statute of limitations period applies to his complaint must be rejected, and his complaint must be dismissed.


There Is No Basis For Tolling The Applicable Statute of Limitations

It is acknowledged that "[u]nder New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" Abbas v. Dixon, 480 F.3d 636, 642 (2nd Cir. 2007), quoting Doe v. Holy See, 17 A.D.3d 793, 793 N.Y.S.2d 565 (3rd Dept. 2005). To avail himself of the doctrine of equitable tolling, the Plaintiff must show that his action was brought within a reasonable period of time after the facts giving rise to the equitable tolling or equitable estoppel claim "ceased to be operational." Id. If

6

he cannot "articulate ... any acts by defendants that prevented [him] from timely commencing suit" then he has "failed to meet [his] burden of showing that [he was] wrongfully induced by defendants not to commence suit." Id.

Plaintiff's Memorandum does not articulate any reasonable basis for tolling the applicable statutes of limitation. The only apparent explanation offered by the Plaintiff for his tardiness is found in an extended footnote (footnote No. 2) in his Memorandum. In footnote 2 Plaintiff argues that Centro and his former collective bargaining representative only processed grievances received from employees who are "gay" and "black," while ignoring grievances from "straight" African-American employees such as himself (Plaintiff asserts in his Memorandum that he is "not gay"). Plaintiff claims that he only recently became aware of this practice due to the defendants' "fraudulent concealment." This bizarre and absurd allegation does not provide a basis for equitable tolling.

In fact, Plaintiff's Complaint clearly establishes that he was aware of his potential claims no later than October of 2001. At Paragraph 2 of his complaint, Plaintiff explains, in requesting a tolling of the applicable statute of limitations, that:

> this Court's federal jurisdiction is being invoked in the hope that the statute of limitations period will be tolled (i.e., prior to **October 18, 2001, date whereon Plaintiff became aware of his highly unlawful retaliatory and/or highly unlawful discharge**), because the Defendants (i.e., the Union and CENTRO), **prior to said date, supra, had fraudulently concealed facts respecting the accrual and/or merits of Plaintiff's claims**.... (emphasis added)

In addition, at page 10 of his complaint Plaintiff contends that Defendant Rick Lee:

> in his letter dated **October 23, 2001**, then admitted to CENTRO's then previous and fraudulent concealment. (emphasis added)

7

Thus, by his own complaint, Plaintiff admits that he learned of the alleged deceit of the defendants no later than October 23, 2001.  Any basis for the equitable tolling of statutes of limitation would have ended on that date, and the applicable limitation periods, none of which are longer than three years, would have begun to run at that time.  Since Plaintiff waited almost six years after learning of the alleged "fraudulent concealment" before initiating this action, his complaint is untimely and must be dismissed.

**POINT II**

**PLAINTIFF'S TITLE VII AND ADA
CLAIMS MUST BE DISMISSED**

Defendants urge the Court to dismiss any Title VII based claims of discrimination and retaliation, and any ADA based claims of discrimination and retaliation, included within Plaintiff's complaint because of Plaintiff's failure to comply with applicable administrative prerequisites.  As set forth in Defendants' Memorandum of Law in Support of Motion to Dismiss, before initiating a Title VII action in court a plaintiff must file a timely complaint of discrimination with the federal Equal Employment Opportunity Commission ("EEOC") or appropriate state agency.  Deravin v. Kerik, 335 F.3d 195 (2nd Cir. 2003).  In addition, he is required to secure from the EEOC a "right to sue" letter EEOC. 42 U.S.C. §§ 2000e-5(e), (f) and 12117(a).  McPherson v. New York City Dept. of Educ., 457 F.3d 211 (2nd Cir. 2006).  Plaintiff must comply with the same administrative requirements prior to bringing an ADA civil action.  Paluh v. HSBC Bank USA, 409 F.Supp.2d 178, 196 (W.D.N.Y. 2006), citing Polera v. Board of Educ. of Newburgh Enlarged City School District, 288 F.3d 478 (2nd Cir.2002).

8

Plaintiff's Memorandum of Law does not assert compliance with the administrative

prerequisites for bringing either a Title VII or an ADA action.  In fact, he failed to file the

required administrative charges of discrimination with the EEOC, and he also failed to secure the

required "right to sue" letter, before initiating this action.  Therefore, any Title VII or ADA

causes of action arguably encompassed by the Plaintiff's complaint must dismissed.


### POINT III

### THE PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS IS UNTIMELY

On January 24, 2008, the Court granted the Plaintiff a second extension of time to file his

response to Defendants' motion to dismiss, establishing a January 30, 2008 deadline for doing

so.  The docket sheet from the Court's PACER system indicates that the Plaintiff's responsive

Memorandum was not filed with the Court until February 1, 2008, two days <u>after</u> the deadline

established by the Court.  Plaintiff's Memorandum does not explain his tardiness.

Local Rule 7.1(b)(3), titled "Failure to Timely File or Comply", provides in relevant part

that:

> The Court shall not consider any papers required under this Rule that are not
> timely filed or are otherwise not in compliance with this Rule unless good cause is
> shown.

"The Local Rules are not empty formalities," <u>Kilmer v. Flocar, Inc.</u>, 212 F.R.D. 66, 69

(N.D.N.Y. 2002), and a party's failure to comply with applicable filing deadlines warrants

rejection of its answering papers.  <u>Galerie v. M & T Bank Corp.</u>, 30 F.Supp.2d 322, 323

(N.D.N.Y. 1998).  As Plaintiff has not offered any explanation for the late filing of his responsive

9

Memorandum, his response to the motion to dismiss should be rejected as untimely, and the Defendants' motion granted based upon its merits.

<h2 style="text-align:center">CONCLUSION</h2>

Most of the claims that arguably fall within the scope of the Plaintiff's complaint are time barred by the applicable statutes of limitation.  In addition, Plaintiff has not complied with the administrative prerequisites applicable to any Title VII or ADA claims his complaint may encompass.  Accordingly, his complaint must be dismissed in its entirety.

Dated: February 11, 2008
East Syracuse, New York

Respectfully submitted,

Miles G. Lawlor, Esq., of Counsel
**FERRARA, FIORENZA, LARRISON,
BARRETT & REITZ, P.C.**
Attorneys for Defendants
Frank Kobliski, John Renock, Joseph
DeGray, Steven Share and Richard Lee
5010 Campuswood Drive
East Syracuse, New York 13057
Telephone: (315) 437-7600